SARAH W. DANDRIDGE *v.* SOLOMON ROBERTS.

**Vendor and Purchaser—Action to Recover Purchase Price—Defense.**

A defendant, in an action to recover the purchase price of land, can not rely on the hostile possession of his own vendee as a bar to the action.

APPEAL FROM ROCKCASTLE CIRCUIT COURT.

December 17, 1872.

OPINION BY JUDGE PRYOR:

The suit in equity instituted by the appellee in 1851 against Taylor and Dandridge was to prevent the latter from recovering the purchase money for the land sold the appellee by Taylor as against an attorney of Dandridge. This suit was settled by an agreement between the parties, and in 1857 in accordance with this agreement, was dismissed. There is no doubt but what the present note executed for the same land, was the result of that settlement and the defense relied on by the answer of the appellee is identical with that relied on by him in the suit instituted in the year 1851. In 1857 the appellee accepted a deed from the appellant for this land and he and his vendees have been in possession since that time, and in fact it is claimed and shown that the vendee of Roberts was in possession

prior to the date of this deed. The appellee knew when he gave this note that the land had been conveyed by himself to Butcher and that Butcher was in possession. He was attempting, no doubt, to perfect the title of his vendee when he dismissed his suit in 1857; his defense then was that the appellant had no title and from the statements of that suit he seems to have been familiar with the patents that covered his land, and if not it should have been prosecuted with his suit instead of compromising it; that suit was based upon a defect of title, and was settled by the execution of a new note. He now insists that this last note was procured by fraud on the part of the appellant, Taylor, in representing that he had title when he knew that his title was defective. These allegations of the cross-petition are all denied, and if true the acceptance of the deed with a knowledge of the defective title would estop him from relying on any such defense, even if such a defense could be pleaded before an execution. We can not well see how the appellee can rely on the hostile possession of his own vendee as a bar to appellant's recovery. This title and recovery is neither inconsistent nor adverse as between these parties, and if the adverse possession of the appellee's vendee can be relied on as a defense to this note, the appellee's own possession would present the same bar to a recovery. He had the right to compromise the litigation in 1851 for his own protection or that of his vendee. There is no proof of any fraudulent representation made the appellee by Taylor, and although Taylor's title may be imperfect, it is now too late after his acceptance of the deed and the compromise of a previous litigation in which the question of title was plainly and distinctly made, and being also in the undisturbed possession of the land by himself as vendee to resist a recovery upon the state of facts disclosed by this record.

The judgment of the court below is reversed and cause remanded with directions to render a judgment on the note against the appellee and for further proceedings consistent with this opinion.

*J. B. Thompson, Jr., for appellant.*

*Bradley, for appellee.*